# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOHN MADSEN, *et al.*

    Plaintiffs and
    Counter-Defendants,

v.

RUSSELL LEE JACOBY, *et al.*,

    Defendants and
    Counter Claimants.

Case No. 3:21-cv-00123-SLG

## ORDER RE MOTION REQUESTING PRE-JUDGMENT INTEREST

Before the Court at Docket 136 is Plaintiffs John Madsen, Stephan Lake Holdings, LLC, and Stephan Lake Adventures, LLC's Motion Requesting Pre-Judgment Interest. Defendants responded in opposition to the motion at Docket 151. Upon due consideration, the motion for prejudgment interest is hereby **DENIED**. However, the Clerk of Court shall issue an amended judgment reflecting Plaintiffs' fees and costs as documented at Dockets 134 and 135 and awarding post-judgment interest on the amended judgment at the rate authorized by 28 U.S.C. § 1961(a).

## BACKGROUND

This is a contract case related to the sale of a remote hunting and fishing lodge in Talkeetna, Alaska.[1] At trial, the jury awarded each party $1.00 as

---

[1] Docket 1-1.

damages.[2] Following trial, the parties cross-moved for attorney's fees.[3] In its order addressing the cross-motions, the Court concluded that neither party was entitled to fees pursuant to their contract respecting the lodge.[4] Nonetheless, because Plaintiffs had made an offer of judgment to Defendants that was more favorable to Defendants than the jury's verdict, the Court granted Plaintiffs their costs and 50% of their reasonable, actual attorney's fees incurred after the date of their offer of judgment.[5] Accordingly, the Court instructed Plaintiffs to prepare revised accountings of their costs and fees, which they duly filed.[6] Plaintiffs now move for pre- and post-judgment interest.[7]

## LEGAL STANDARD

"In diversity jurisdiction, state law governs all awards of prejudgment interest."[8] Under Alaska law, "prejudgment interest is a form of consequential

---

[2] Docket 106.

[3] Docket 107; Docket 108.

[4] Docket 133 at 26–28.

[5] Docket 133 at 28–35 (citing Rule 68, Alaska Rules of Civil Procedure).

[6] Docket 33 at 35–36; Docket 134; Docket 135.

[7] Docket 136.

[8] *Mutuelles Unies v. Kroll & Linstrom,* 957 F.2d 707, 714 (9th Cir. 1992); *see also In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007) ("It is well settled that prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism.").

Case No. 3:21-cv-00123-SLG, *Madsen v. Jacoby*
Order re. Motion Requesting Pre-Judgment Interest
Page 2 of 5
Case 3:21-cv-00123-SLG   Document 152   Filed 08/12/24   Page 2 of 5

damages. . . ."[9]  "[T]he purpose of prejudgment interest is to compensate the injured party for the time it has been less than whole."[10]

In contrast, federal law determines post-judgment interest, even when a federal court sits in diversity.[11]  Federal law provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."[12]  "[O]nce a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed."[13]

## DISCUSSION

Plaintiffs request that the Court award pre- and post-judgment interest.  They contend that "pre-judgment interest is an element of compensation . . . and has the purpose of making a party whole."[14]  Defendants oppose any award of prejudgment interest and note that such interest on attorney's fees and costs is not permitted.[15]

---

[9] *Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 35 (Alaska 1998) (citing *Farnsworth v. Steiner,* 638 P.2d 181, 184 (Alaska 1981)).

[10] *Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 35 (Alaska 1998).

[11] *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988) (internal citations and quotations omitted) ("It is settled that even in diversity cases post-judgment interest is determined by federal law.").

[12] 28 U.S.C. § 1961(a).

[13] *Perkins v. Standard Oil Co. of California*, 487 F.2d 672, 675 (9th Cir. 1973).

[14] Docket 136 at 2.

[15] Docket 151 at 2.

Case No. 3:21-cv-00123-SLG, *Madsen v. Jacoby*
Order re. Motion Requesting Pre-Judgment Interest
Page 3 of 5
Case 3:21-cv-00123-SLG   Document 152   Filed 08/12/24   Page 3 of 5

In this case, the jury awarded each party damages of $1.00. Because these awards offset one another, Plaintiffs lack a damages award that has accrued prejudgment interest. But an award of prejudgment interest is not appropriate here as there is no damages award to speak of and prejudgment interest does not accrue on an award of attorney's fees and costs.[16]

However, post-judgment interest accrues on a judgment "without regard to the elements of which that judgment is composed," and thus may accrue on an award of attorney's fees and costs.[17] And it is well settled "that even in diversity cases '[p]ost-judgment interest is determined by federal law.'"[18] Accordingly, the amended judgment shall include post-judgment interest at the federal statutory rate. *See* 28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion Requesting Pre-Judgment Interest is **DENIED**.

IT IS FURTHER ORERED that the Clerk of Court shall issue an amended judgment that adds attorney's fees to Plaintiffs of $44,327.50, costs of $3,003.58,

---

[16] *See Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 35 (Alaska 1998).

[17] *Perkins v. Standard Oil Co. of California*, 487 F.2d 672, 675 (9th Cir. 1973).

[18] *Northrop Corp. v. Triad Intern. Marketing, S.A.,* 842 F.2d 1154, 1155 (9th Cir. 1988) (quoting *James B. Lansing Sound Inc. v. National Union Fire Ins. Co.,* 801 F.2d 1560, 1570 (9th Cir. 1986).

Case No. 3:21-cv-00123-SLG, *Madsen v. Jacoby*
Order re. Motion Requesting Pre-Judgment Interest
Page 4 of 5
Case 3:21-cv-00123-SLG   Document 152   Filed 08/12/24   Page 4 of 5

and provides for post-judgment interest on the entire amended judgment pursuant to federal law.[19]

DATED this 12th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[19] *See* Dockets 134, 135.

Case No. 3:21-cv-00123-SLG, *Madsen v. Jacoby*
Order re. Motion Requesting Pre-Judgment Interest
Page 5 of 5
Case 3:21-cv-00123-SLG   Document 152   Filed 08/12/24   Page 5 of 5